IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA D. PEÑALBERT ROSA, her spouse, SIRILO CORREA ROSARIO, and the Conjugal Partnership Comprised by them;<br><br>PLAINTIFFS,<br><br>v.<br><br>LUIS FORTUÑO BURSET, In His Personal Capacity And As Governor Of The Commonwealth Of Puerto Rico, LUCE VELA in her individual capacity, and the Conjugal Partnership formed by them; VELMARIE BERLINGERI MARÍN, in her individual and official capacity as Administrator of the Governor's Mansion, and her husband Juan Doe, and the Conjugal partnership formed by them; JUAN CARLOS BLANCO, in his individual and official capacity as Chief of Staff, and Juanita Doe, and the Conjugal partnership formed by them.<br><br>**DEFENDANTS** | CIVIL NO. _____<br><br>CIVIL RIGHTS<br><br>JURY TRIAL DEMAND |

**VERIFIED COMPLAINT**

**COME NOW** the plaintiffs, through the undersigned attorneys, and respectfully state, allege and pray as follows:

**JURISDICTIONAL STATEMENT**

1. This is a civil action filed by an employee of the Governor's Mansion ("La Fortaleza"). She was a Receptionist assigned to the "Palacio Rojo" (auxiliary building annex to La Fortaleza) and essentially engaged in receiving, answering and canalizing telephone calls and greeting visitors. Following the general elections of November 2008, she was summarily dismissed and replaced without cause by the newly elected Governor of Puerto Rico, Luis F. Fortuño Burset, in concert with the other defendants, simply because she was member of the Popular Democratic Party.

2. Plaintiffs allege a violation of the first amendment, due process and equal protection clauses of the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico, and pray equitable relief in the form of reinstatement, and legal relief in the form of economic and punitive damages, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

## II. THE PARTIES

3. Plaintiff is Mrs. Maria D. Peñalbert Rosa, receptionist at the Palacio Rojo annex, La Fortaleza, whose position, classified as "Administrative Officer", is ascribed to the Central Communications Office.

4. Plaintiff is an active member of the Popular Democratic Party.

5. Prior to the 2008 General Election, plaintiff was employed at the Governor's Mansion as receptionist. Her essential functions were answering and

canalizing calls transferred from the central telephone terminal of La Fortaleza to the Palacio Rojo's reception, and greeting visitors.

6. Plaintiff did not perform public policy or confidential functions; She did not perform functions of close propinquity to policy making employees, nor otherwise had access to confidential information concerning public policy making. Nor was She a confidential secretary.

7. Neither the defendants, nor their agents, employees nor representatives evaluated the job performance of the main plaintiff prior to terminating her employment.

8. Plaintiff is a humble, working class Puerto Rican woman that was terminated and left without a job, for the sole reason that she did not belong to the political party of the new Governor of Puerto Rico.

9. By information and belief, plaintiff was replaced and her position conferred to a new employee affiliated with the New Progressive Party.

10. The spouse of the plaintiff, Mr. Sirilo Correa Rosario and the conjugal partnership comprised by both, join this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

11. Defendant Luis Fortuño Burset was elected Governor of Puerto Rico in the 2008 general elections and assumed the Office of the Governor on or about January 2, 2009. He is the nominating authority at the Governor's Mansion and approves or disapproves of all personnel decisions, including the personnel decisions concerning the termination of employment of plaintiff. He is sued in his individual and official capacities for legal and equitable relief. He is the president of the New Progressive Party.

12. Defendant Luce Vela is the wife and First Lady of defendant Fortuño. She is sued in her individual capacity for legal relief. She is a member of the New Progressive Party. She is married to the defendant, Governor Fortuño Burset, which together with their Conjugal Partnership respond under state law.

13. Defendant Velmarie Berlingeri Marín was named Administrator of the Governor's Mansion by defendant Luis Fortuño. She participated in the decision of Governor Fortuño Burset to terminate plaintiff's employment. She is sued in both her individual and official capacities for equitable and legal relief. She is a member of the New Progressive Party. She is married to defendant Juan Doe, which together with their Conjugal Partnership respond under state law.

14. Defendant Juan Carlos Blanco was named Chief of Staff at the Executive Mansion by defendant Luis Fortuño. He participated in the decisions of Governor Fortuño Burset and other defendants to terminate the plaintiff Peñalbert's employment. He is sued in both his individual and official capacities for equitable and legal relief. He is a member of the New Progressive Party. He is married to defendant Juanita Doe, which together with their Conjugal Partnership respond under state law.

### III. STATEMENT OF THE FACTS

15. María D. Peñalbert Rosa is of legal age, resident of Puerto Rico and a citizen of the United States of America. She is married to plaintiff Sirilo Correa Rosario, and together they form a Conjugal Partnership.

16. Plaintiff commenced working at the Governor's mansion in 1989 as Office Worker ("Oficinista II") in the Communications Division. Her appointment was as transitory ("status transitorio") employee.

17. Plaintiff's principal duties were to select, cut, copy and file daily newspaper clippings; assist and collaborate in research and preparation of the newspaper clippings file and in monitoring local radio news. On or about 1994, plaintiff's position was reclassified to "Administrative Officer", but her functions remained the same.

18. As the person in charge of the selection and filing of daily newspaper clippings, Plaintiff engaged in office work duties of a routine nature, that required general knowledge of clerical work (filing, etc.), manual competence and efficient performance, not political affiliation.

19. Since 2006, Plaintiff was assigned to the Palacio Rojo reception. Her duties as receptionist also required general knowledge of office work, manual competence and efficient performance, not political affiliation.

20. Defendants terminated and dismissed plaintiff Peñalbert from his job without even conducting a single evaluation as to her job performance and efficiency.

21. At no time prior to her dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of her duties.

22. Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 10, 2009. The letter informed her that she would be terminated immediately, on that same day, stating that her position was one of trust which could be freely terminated.

23. As of this date, defendants have not even paid the plaintiff her accrued benefits, vacations and sick pay.

5

24. The reason that plaintiffs' job was terminated was because the defendants knew or assumed that he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

25. As a result of this termination, Defendants have deprived Mrs. Maria D. Peñalbert Rosa, her husband and their conjugal partnership of the income by which she sustained himself and his family; have subjected them to personal pain and suffering; and have punished her in the exercise of civil rights by terminating her employment because she is not a member of the political party of the new Governor of Puerto Rico.

26. Concerning stated facts and allegations, on March 12, 2009, plaintiff presented an Appeal to the Office of the Governor, through the Office of Human Resources of La Fortaleza. As of this date, the Appeal has not been responded, nor any action taken in her behalf.

### FIRST CAUSE OF ACTION:
### FIRST AMENDMENT AND DUE PROCESS
### OF THE UNITED STATES CONSTITUTION

27. Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

28. The foregoing evidence that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated plaintiff's rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States (freedom of speech and association; due process; and equal protection).

29. As a result of the Defendants' unconstitutional and illegal conduct, including conspiring each all or some, to violate her rights, plaintiff Maria D. Peñalbert Rosa has been discriminatorily terminated in her employment, which in turn has caused

irreparable and continuing harm to all plaintiffs, emotionally, economically and in their civil rights, in the amount of no less than $1,500,000.00. Plaintiffs also pray for preliminary and permanent injunctive relief reinstating Peñalbert to her employment and prohibiting Defendants from terminating said employment because of her political affiliation to the Popular Democratic Party.

30. In addition, because the defendants have acted with deliberate indifference towards plaintiff's constitutional rights, plaintiffs are entitled to punitive damages in the amount of no less that $500,000.

## SECOND CAUSE OF ACTION:
## LAWS AND CONSTITUTION OF PUERTO RICO

31. Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

32. The foregoing evidence that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated plaintiff's rights under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; and the Public Service Personnel laws of Puerto Rico; Law No. 131 of May 13, 1943, P.R. Laws Ann., Tit. 1, § 13-19; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31.

33. As a result of the Defendants' unconstitutional and illegal conduct, plaintiff Maria D. Peñalbert Rosa has been discriminatorily terminated in her employment, which in turn has caused irreparable and continuing harm to all plaintiffs, emotionally, economically and in their civil rights, in the amount of no less than

7

$1,500,000.00. Plaintiffs also pray for preliminary and permanent injunctive relief reinstating Peñalbert to her employment and prohibiting Defendants from terminating said employment because of her political affiliation to the Popular Democratic Party.

## JURY DEMAND

Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully pray that the Court:

1. Find that the defendants have violated plaintiffs' rights under the first amendment, the due process and equal protection clauses of the United States Constitution; as well as under the Constitution and laws of Puerto Rico;

2. Grant preliminary and permanent injunction reinstating plaintiff Maria D. Peñalbert Rosa to her position; and prohibiting, restraining and enjoining the Defendants, their agents or anyone acting in concert with them or pursuant to their orders; or their successors in any representative capacity from violating any Constitutional rights of the plaintiffs;

3. Award damages to the plaintiffs in an amount no less than $1,500,000.00 for pain and suffering, lost back pay, and other damages suffered as a result of the defendants' unconstitutional conduct;

4. Award punitive damages to the plaintiffs in such amount as may be deemed appropriate;

5. Award pre judgment interest;

6. Award attorneys' fees and costs pursuant to 42 USC §1988; and

7. Award such other and further relief as may be deemed proper.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this April 15, 2009.

**LANDRÓN & VERA, LLP**
Attorneys at Law
Centro Internacional de Mercadeo
100 Carr. 165, Torre I, Suite 203
Guaynabo, Puerto Rico 00968
Tel.:(787) 774-5959 Fax: (787) 774-8181

S/: Eileen Landrón Guardiola
**EILEEN LANDRÓN GUARDIOLA**
**USDC-PR-203006**
elandron@landronvera.com

S/: Eduardo Vera Ramírez
**EDUARDO VERA RAMÍREZ**
**USDC-PR-209713**
evera@landronvera.com

S/: Carlos A. Del Valle Cruz
**Carlos A. Del Valle Cruz**
**USDC-PR-130106**
cdelvallecruz@gmail.com

S/: Luis Rodríguez Muñoz
**Luis Rodríguez Muñoz**
**USDC-PR-214511**
lrodriguez@landronvera.com

**STATEMENT UNDER PENALTY OF PERJURY AS PER 18 USCA §1746(2)**

I, Maria D. Peñalbert Rosa, declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

In Guaynabo, Puerto Rico, this the 16th day of April, 2009.

_____
Maria D. Peñallbert Rosa