IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA D. PEÑALBERT-ROSA, her spouse, SIRILO CORREA-ROSARIO, and the conjugal partnership comprised by them<br><br>Plaintiffs<br><br>vs<br><br>LUIS FORTUÑO-BURSET, in his personal capacity and as Governor of the Commonwealth of Puerto Rico; LUCE VELA, in her individual capacity, and the conjugal partnership formed by them; VELMARIE BERLINGERIE-MARIN, in her individual and official capacity as Administrator of the Governor's Mansion, and her husband Juan Doe, and the conjugal partnership formed by them; JUAN CARLOS BLANCO, in his individual and official capacity as Chief of Staff, and Juanita Doe, and the conjugal partnership formed by them<br><br>Defendants | CIVIL 09-1356CCC |

## OPINION AND ORDER

The action before us, filed pursuant to 42 U.S.C. §1983, alleges violation of María Peñalbert-Rosa's[1] First Amendment rights resulting from her termination of employment because of her political beliefs and denial of her Fourteenth Amendment due process rights. Plaintiff also claims that her suit is brought under the Fifth Amendment.[2] Plaintiff has also invoked wholesale, Puerto Rico's Constitution, labor laws and tort law claims, incorporating all preceding allegations without specification.

---

[1] Co-defendant Sirilo Correa-Rosario is her husband and his claim, as well as the claim of their conjugal partnership, are subsidiary to Peñalbert-Rosa's claim.

[2] Plaintiff does not identify any specific Fifth Amendment claim. This information is gleaned from the text of the complaint. There is a title "Jurisdictional Statement," but the space below is empty.

CIVIL 09-1356CCC                                  2

The action is now before us on Defendants' Motion to Dismiss the Complaint for Failure to State a Claim and/or Because All Defendants are Entitled to Qualified Immunity (docket entry 24). Plaintiffs opposed the motion (docket entry 27) and defendants replied (docket entry 37).

Defendants' motion is based on three points. First, that Peñalbert-Rosa has failed to state an actionable First Amendment political discrimination claim and has not met the pleading requirements of Iqbal v. Ascroft, 129 S.Ct. 1937 (2009), and recent First Circuit and District Court case law, see, e.g., Maldonado v. Fontanés, 568 F.3d 263 (1st cir. 2009); Medero-García v. Commonwealth of Puerto Rico, 2009 WL 1767567 (D. Puerto Rico, June 17, 2009); Vázquez-Hernández v. Estrada-Adorno, 2009 WL 1586813 (D. Puerto Rico, June 3, 2009). The second contention is that the complaint fails to state either an actionable equal protection or due process claim under the Fourteenth Amendment. Finally, the defendants invoke qualified immunity in their individual capacities.

For purposes of the dispositive motion on the First Amendment claim, the relevant allegations of the complaint are the following:

> 3. Plaintiff is Mrs. María D. Peñalbert Rosa, receptionist at the Palacio Rojo annex, La Fortaleza, whose position, classified as "Administrative Officer," is ascribed to the Central Communications Office.
>
> 4. Plaintiff is an active member of the Popular Democratic Party.
>
> 5. Prior to the 2008 General Election, plaintiff was employed at the Governor's Mansion as receptionist. Her essential functions were answering and canalizing (sic) telephone calls transferred from the central telephone terminal of La Fortaleza to the Palacio Rojo's reception, and greeting visitors.
>
> 7. Neither the defendants, nor their agents, employees nor representatives evaluated the job performance of the main plaintiff prior to terminating her employment.
>
> 9. By information and belief, plaintiff was replaced and her position conferred to a new employee affiliated with the New Progressive Party.
>
> 11. Defendant Luis Fortuño Burset was elected Governor of Puerto Rico in the 2008 general elections and assumed the Office of the Governor on or about January 2, 2009. He is the nominating authority, at the Govern's

CIVIL 09-1356CCC                                3

Mansion and approves or disapproves of all personnel decisions. Including the personnel decisions concerning the termination of employment of plaintiff. He is sued in his individual and official capacities for legal and equitable relief. He is the president of the New Progressive Party.

12.  Defendant Lucé Vela is the wife and First Lady of defendant Fortuno. She is sued in her individual capacity for legal relief. She is a member of the New Progressive Party. She is married to the defendant, Governor Fortuño Burset, which together with their Conjugal Partnership respond under state law.

13. Defendant Velmarie Berlingeri Marín was named Administrator of the Governor's Mansion by defendant Luis Fortuño. She participated in the decision of Governor Fortuño Burset to terminate plaintiff's employment. She is sued in both her individual and official capacities for equitable and legal relief. She is a member of the New Progressive Party. She is married to defendant Juan Doe, which together with their Conjugal Partnership respond under state law.

14. Defendant Juan Carlos Blanco was named Chief of Staff at the Executive Mansion by defendant Luis Fortuño. He participated in the decisions of Governor Fortuño Burset and other defendants to terminate plaintiff Peñalbert's employment. He is sued in both his individual and official capacities for equitable and legal relief. He is a member of the New Progressive Party. He is married to defendant Juanita Doe, which together with their Conjugal Partnership respond under state law.

19. Since 2006, Plaintiff was assigned to the Palacio Rojo reception. Her duties as receptionist also required general knowledge of office work, manual competence and efficient performance, not political affiliation.

20. Defendants terminated and dismissed plaintiff Peñalbert from [his] job without even conducting a single evaluation as to her job performance and efficiency.

21. At no time prior to her dismissal did the Defendants discipline plaintiff or issue a reprimand related to the performance of her duties.

22. Defendants terminated plaintiff's employment, without prior warning and without cause, by a letter of February 10, 2009. The letter informed her that she would be terminated immediately, on that same day, stating that her position was one of trust which could be freely terminated.

24. The reason that plaintiff's job was terminated was because the defendants knew or assumed that [s]he belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party.

The Fed.R.Civ.P. 8 pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

CIVIL 09-1356CCC                                          4

Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Maldonado v. Fontanés, 568 F.3d 263, 268 (1st Cir.2009) (quoting Iqbal, 129 S.Ct. at 1949). Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, at 1948. In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. Id. at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 1949.

We must conduct our analysis by first identifying the allegations of the complaint that are no more than legal conclusions and then zero in on the well-pleaded nonconclusory factual allegations to determine whether they, by themselves, plausibly give rise to an entitlement to relief. Having done so, we conclude that the complaint before us has failed to bring plaintiffs' federal claims "across the line from conceivable to plausible." Twombly, at 1955. A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, at 1955.

Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the defendant's alleged conduct and the deprivation, and state action. Gutiérrez Rodríguez v. Cartagena, 882 F.2d 553, 558 (1st Cir. 1989). To establish a *prima*

CIVIL 09-1356CCC                                              5

*facie* case, the plaintiff must show, or (for the purposes of Rule 8(a)(2)) properly plead, that (1) the plaintiff and the defendant belong to opposing political affiliations, (2) the defendant has knowledge of the plaintiff's affiliation, (3) a challenged employment action occurred, and (4) political affiliation was a substantial or motivating factor behind the challenged employment action. Martín-Vélez v. Rey-Hernández, 506 F.3d 32, 39 (1st Cir. 2007) (citing Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006).

Defendants challenge Peñalbert-Rosa's allegations as conclusory and insufficiently plausible. Having carefully examined the complaint, plaintiffs' allegations as to the elements of defendants' knowledge and causal connection do not pass the plausibility standard required by Iqbal. See, generally, Thomas v. Rhode Island, 542 F.3d 944, 948-49 (1st Cir. 2008); Morales Tañón v. Puerto Rico Electric Power Authority, 524 F.3d 15, 18-20 (1st Cir. 2008); Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29-30 (1st Cir. 2008) (same); see also, Febus-Cruz v. Saurí-Santiago, Civil No. 09-1365 (D.P.R. 2009) (docket entry 45). Maldonado v. Fontanés, 568 F.3d. 263, (1st Cir. 2009).

Even if we were to determine that the factual allegations are sufficient to configure a "possible" First Amendment political discrimination claim, plaintiff Peñalbert-Rosa has failed to plead and show the required causal connection or link between defendants Fortuño, Berlingeri, Blanco and her termination allegedly motivated by political discrimination. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id., at 1949. Given the positions that defendants Fortuño, Berlingeri and Blanco hold within the governor's mansion--Governor, Administrator of the Governor's Mansion and the governor's Chief of Staff--plaintiff has automatically assumed that they took the decision to terminate her employment because of her political affiliation. There are no factual allegations as to any specific defendant, such as actions taken or interactions with plaintiff Peñalbert-Rosa that would tie Fortuño, Berlingeri or Blanco to a discriminatory discharge motivated by her political affiliation. The allegations relevant

CIVIL 09-1356CCC                                        6

to causal relationship refer to Fortuño, Berlingeri or Blanco, generically as "defendants." For example, ¶20 of the complaint alleges that: "Defendants terminated and dismissed plaintiff . . ." ¶24, and avers that "[T]he reason that plaintiff's job was terminated was because the defendants knew or assumed that she belonged to the Popular Democratic Party and/or was not a known member of the New Progressive Party" Plaintiff simply recites every possible alternative, without any attempt to lay a foundation of concrete facts that would link each defendant individually to the alleged violation. See, Iqbal, at 1848 (plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution); See, also, Rizzo V. Goode, 423 U.S. 362, 371-72(1976), (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

In sum, Peñalbert-Rosa has not met the plausibility standard for she has failed to allege concrete facts that would support defendants' knowledge of her political affiliation, or a causal connection between the conduct of each individual defendant and the deprivation of her right to be free of political discrimination in her employment.

**Equal protection and Due Process Violations**

Peñalbert invokes the equal protection clause of the Fourteenth Amendment as one source of her claims. With regard to this claim, the only specific reference in the complaint is the generic statement at ¶28:

> The foregoing evidence that the Defendants, under color of law of their respective positions, have willfully and/or with deliberate indifference violated plaintiff's rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States (freedom of speech and association; due process; and equal protection).

CIVIL 09-1356CCC                                        7

In response to the defendants's direct challenge to an equal protection claim, Peñalbert merely states, at ¶28 of the Opposition to the Motion to Dismiss (docket entry 27):

> In addition, the defendants claim those plaintiffs are not entitled to an equal protection claim. It is well established, however, that the facts alleged on the complaint also give rise to an equal protection cause of action under the class of one theory, "where the plaintiff alleges that she had been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Different treatment of a class of even one individual may be sufficient to state a claim under the Equal Protection Clause. On these grounds, the equal protection claim is with merit as a matter of law.

(Citations omitted.)

With regard to the factual scenario of alleged political discrimination vis a vis an equal protection theory of recovery, however, the Court of Appeals for the First Circuit strongly disagrees with plaintiff. In such a situation the Court stated:

> Here, Cerame Vivas has no need for protection under the equal protection clause. His equal protection theory is simply that, in addition to violating his First Amendment rights, the denial of permits in purported retaliation for his political expression violated his equal protections rights as well. Given the overlap of these claims, the vast problems that would be created, we see little basis or justification for applying equal protection analysis in the present situation.

Néstor Colón-Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32 45 (1st Cir. 1992). See, also, Pagán v. Calderón, 448 F.3d. 16, 36 (1st Cir.2006) (a plaintiff claiming redress based on political discrimination cannot rely on the Equal Protection Clause, but, rather must bring his claim under the specific provisions of the First Amendment). In sum, Peñalbert's attempt to use the Equal Protection Clause merely as an alternative legal theory under which to present her political discrimination claim does not proceed.

As to the Due Process claim, it is hornbook law that the Fourteenth Amendment guarantees an informal pre-termination hearing to those with a property interest in their employment. See, e.g., Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir.

CIVIL 09-1356CCC                                        8

2006).  Property interests are "created and . . . defined by existing rules or understandings that stem from an independent source such as state law. Hatfield-Bermúdez v. Aldanondo-Rivera, 496 F.3d. 51,59 (1st Cir 2007).  That independent source must give the individual a legitimate claim of entitlement to some sort of benefit.  Id.

> The test for a procedural due process violation requires the plaintiffs to show first, a deprivation of a protected property interest, and second, a denial of due process.  To meet the first prong and show that a "statutorily created benefit" is a property interest, a person must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.  In order to be "legitimate," the entitlement must be grounded in some statute, rule, or policy.

Pérez-Acevedo v. Rivera-Cubano, 520 F.3d. 26, 30 (1st Cir. 2008) (Citations omitted).

Plaintiff has not plead any property interest in her employment.  Nor does she claim to be a career employee,[3] from which we could infer such an interest, or that she was terminated before the expiration of a fixed-term contract, in violation of the property interest in the complete term of the contract.  See, e.g., Jiménez-González v. Alvarez-Rubio, 2010 WL445078 (D. Puerto Rico February 8, 2010).  In fact, as noted above, the only reference to her employment status is found at ¶16 of the complaint:  "Plaintiff commenced working at the Governor's mansion in 1989 as Office Worker II ("Oficinista II") in the Communications Division. Her appointment was as transitory ("status transitorio") employee."  But no information is provided as to when said transitory appointment expired.  See Nieves-

---

[3] In her complaint, at ¶22, plaintiff states, with regard to the discharge notice, " The letter informed her that she would be terminated immediately, on that same day, stating that her position was one of trust which could be freely terminated."  Plaintiff does not dispute, or otherwise reject said classification, except to aver that her position does not involve policy-making functions.  Whether the position was, in fact, properly or improperly designated as a trust position, it would nevertheless be devoid of a property interest attached to a career appointment. See, e.g., Rodríguez-Ramos v. Hernández-Gregorat, 660 F. Supp. 2d 220, 228 (D. Puerto Rico 2009), (unlike career employees, trust employees are of free selection and removal and do not have a constitutionally protected property interest in their position.)

CIVIL 09-1356CCC                                          9

Villanueva v. Soto-Rivera, 133 F.3d 92, 94 (1st Cir. 1997) (explaining that "transitory employees generally do not have a property interest in continued employment beyond their yearly terms of appointment." See also Hatfield-Bermúdez, supra, at 60 (the Puerto Rico Supreme Court concluded in Department of Natural Resources v. Correa, 18 P.R. Off. Trans. 795 (1987), that transitory employees have a job retention expectancy only during the term of the appointment.

In the face of defendants's direct challenge to her due process claim,[4] plaintiff has provided no information or explanation to contradict the apparent absence of a property interest, or sought to amend the complaint to plead factual allegations that would support such a claim. While plaintiffs are not held to higher pleading standards in §1983 actions, they must plead enough for a necessary inference to be reasonable drawn. Marrero-Gutiérrez v. Molina, 491 F.3d. 1,9 (1st Cir. 2007). Peñalbert has failed to do so.

Plaintiff's complaint as a whole contains little more than a regurgitation of the legal requirements of her purported claims supported by generic and conclusory allegations, which, under Twombly, and Iqbal, are woefully insufficient to survive the motion before us. Accordingly, defendants' Motion to Dismiss (**docket entry 24**) is GRANTED and this

---

[4] "Plaintiff's *Complaint*, however, is wholly devoid of any statement whatsoever that she possessed a property interest in her employment. More specifically, plaintiff has not alleged a protected property interest, and, thus, has not pled an essential element of her due process claim. It thus follows, absent a factual pleading that she possessed a protected property interest, that she lacks a constitutional right to due process.

Motion to Dismiss, at 12.

CIVIL 09-1356CCC                                   10

action is DISMISSED.   Plaintiffs' claims under Puerto Rico law are DISMISSED, without prejudice.

    SO ORDERED.

    At San Juan, Puerto Rico, on February 26, 2010.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge