IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA PEÑALBERT ROSA,**<br><br>    **Plaintiff**<br><br>    v.<br><br>**JOHN DOE, JANE DOE, JIM DOE and JANET DOE,** Puerto Rico government officials at the Office of the Governor that have the personnel authority at law and participated in the decision to discharge plaintiff from the Office of the Governor for political reason, in their individual and personal capacities<br><br>    **Defendants** | **USDC-PR CIVIL NO. 09-1356 (CCC)**<br><br>**42 U.S.C. § 1983**<br>**CIVIL RIGHTS VIOLATIONS**<br><br>**POLITICAL DISCRIMINATION**<br>**IN VIOLATION OF**<br>**FIRST AMENDMENT TO**<br>**US CONSTITUTION**<br><br>**TRIAL BY JURY OF PEERS**<br>**REQUESTED PURSUANT TO**<br>**SEVENTH AMEDNMENT TO**<br>**U.S. CONSTITUTION** |

**AMENDED COMPLAINT**

**COME NOW** the plaintiff María Peñalbert-Rosa, through the undersigned attorneys, and respectfully alleges and prays as follows:

**I. JURISDICTIONAL STATEMENT**

I(a).   This is a civil action filed by María Peñalbert Rosa("Peñalbert"), a clerical employee at the Office of the Governor, alleging that following the 2008 elections, New Progressive Party (NPP) candidate Luis Fortuño Bursett became Governor of Puerto Rico, and following his occupancy of the Governor's Office on January 2, 2009, the defendants proceeded to summarily dismissed Plaintiff from the Office of the Governor on February 10, 2009 because of her political affiliation to the outgoing Popular Democratic Party

(PDP). All the defendants – the various Does - are members of the NPP that following the inauguration of Governor Fortuño held or came to occupy positions at the Office of the Governor; exercised the authority at law to make, participate and/or implement personnel decisions there; and, specifically, participated in the decision to terminate the employment of the Plaintiff at the Governor's Office. The Amended Complaint follows the Mandate of the First Circuit in *Peñalbert-Rosa v. Fortuño-Bursett*, 631 F.3d 592 (1st Cir. 2011) and the directive of District Court's Order of September 20, 2011, as it removes all the prior named defendants from the complaint and places in their stead, pending discovery, various Does as defendant placeholders.

I(b).   On these factual allegations, Plaintiff Peñalbert alleges a dismissal from her employment for political reasons, in violation of the first amendment and due process clause of the Constitution of the United States, as well as of the laws and Constitution of Puerto Rico. She prays for equitable relief in the form of reinstatement, and legal relief in the form of compensatory and punitive damages, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction pursuant to the federal question statute, 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 (b).

## II. THE PARTIES

1.     The Plaintiff María Peñalbert Rosa is a low-level employee that since 1999 has held various clerical positions at the Office of the Governor, specifically at the Office

Annex known as the Palacio Rojo. At the time of her dismissal, she was formally classified as an "Administrative Officer."

2. Plaintiff's position did not entail the performance of public policy or confidential functions; nor was she an employee of close propinquity to confidential information or policy-making professionals.

3. At no time prior to her dismissal neither the Governor, nor the Administrator Berlingeri, nor any of the defendants at the Office of the Governor - John, Jane, Jim or Janet Doe : (a) evaluate the job performance of the plaintiff prior to terminating her employment; (b) engaged in any disciplinary action against her; (c) or otherwise dismissed her for just cause.

4. Plaintiff is a member of the Popular Democratic Party, a fact that was known at the Office of the Governor, as the Office Annex were plaintiff worked is relatively small workplace where political affiliations were common knowledge.

5. Plaintiff functions were assumed by an employee whose name has yet to be identified through discovery, but who is a member of the New Progressive Party.

6. Defendant John or Jane Doe is the nominating authority under the laws and Constitution of Puerto Rico to make, approve or disapprove of all personnel decisions at the Office of the Governor where the Plaintiff was employed, and as such has the legal authority to make all personnel decisions concerning the hiring and termination of each and all employees at the Office of the Governor, including that of Plaintiff; including the legal authority and responsibility to implement any equitable relief that this Court in its

day may order concerning the reinstatement of Peñalbert to her former employment at the Office of the Governor.

       7.     Subject to discovery, it is believed that said John or Jane Doe is the Governor of Puerto Rico because as a matter of law, the Governor has been found to be the nominating authority at the Office of La Fortaleza in other situations. See *Vázquez Ríos v. Hernández Colon*, 819 F.2d 319(1st 1987). In addition, the Governor has been found to be a proper defendant for pleading purposes in other political discrimination cases involving the dismissal of 35 employees at the Office of the Governor, following January 2, 2009. This Court can take judicial notice of said cases: (a) *Sauri Cortes v. Luis Fortuño Burset et al*, USDC-PR Civil No. 09-1650 (DRD); (b) *Ocasio Hernández et al. v. Fortuño-Burset et al.*, USADC-PR Civil No. 09-1299 (GAG); (c) *Ocasio Hernández et al. v. Fortuño-Burset et al.*, 640 F.3d 1 (1st Cir. 2011)(rehearing and rehearing en banc denied)(finding both Governor Fortuño and Governor's Office Administrator Berlingeri plausible defendants under similar factual averments). Insofar as these cases aver political discrimination of PDP employees at the same Office of the Governor involving dismissal contemporaneous with that of the dismissal of Peñalbert, Plaintiff incorporates the averments of said complaints, provided that the citation to them and their contents it is not inconsistent with the Mandate of the First Circuit in *Peñalbert-Rosa v. Fortuño-Bursett*, 631 F.3d 592 (1st Cir. 2011) nor in contravention of this Court's Order of September 20, 2011. **D. 74.** Plaintiff expressly avers that  - except for providing factual support for the plausible identities of the John, Jane, Jim and Janet Does herein named as defendants; and without prejudice to future discovery showing otherwise - nothing in this Amended Complaint, alleges or is meant to aver that

4

any of the prior defendant, particularly Governor Fortuño, is an actual defendant in this case, nor is any allegation in any way meant to skirt or stray from the First Circuit Mandate nor the Order of this Court of September 20, 2011.

8. Defendant Jane Doe was named Administrator of the Executive Mansion by Governor Luis Fortuño Bursett. As such she personally, intentionally or by deliberate indifference participated with the nominating authority in the decisions to terminate the employment of PDP employees at the Office of the Governor, La Fortaleza, such as the plaintiff in this case. She is a member of the New Progressive Party.  Subject to discovery, it is believed that said Jane Doe may be the same person that signed the February 10, 2009 termination of Plaintiff Peñalbert, and which identified herself as Velmarie Berlingeri, Administrator of the Office of the Governor. **See Exhibit A**.

9. In addition, Plaintiff avers that, *subject to discovery*, this Jane Doe may be the same person that is named as a defendant in *Ocasio Hernández et al. v. Fortuño-Burset et al.*, USADC-PR Civil No. 09-1299 (GAG), a political discrimination case involving the dismissal of 14 Executive Mansion plaintiffs; and that Jane Doe may also be the same defendant, *subject to discovery*, sued in *Sauri Cortes v. Luis Fortuño Burset et al*, USDC-PR No. 09-1650 (DRD), a political discrimination case involving the dismissal of another 21 Executive Mansion employees.  The reason for the belief that Jane Doe may be Velmarie Berlingeri is that Governor Fortuño named Berlingeri as part of his staff, that she is the person that signed Peñalbert's dismissal letter, that said dismissal letter identifies Berlingeri as the Administrator of the Executive Mansion were Peñalbert was employed; and that Berlingeri is the person who is alleged to have signed the dismissal letters of the 21 other Office of the

Governor employees that are plaintiffs in *Sauri Cortes v. Luis Fortuño Burset et al*, USDC-PR No. 09-1650 (DRD), See Docket 1, Complaint, ¶14(v).

      10.    In addition, although here the defendant is Jane Doe, *and not Berlingeri*, this Court can take judicial notice that Berlingeri has been found to be a proper defendant for pleading purposes by the First Circuit in a political discrimination case concerning the contemporaneous dismissal of 14 other employees at the Office of the Governor. See *Ocasio Hernández et al. v. Fortuño-Burset et al.*, 640 F.3d 1. 13-18 (1st Cir. 2011)(rehearing and rehearing en banc denied)(finding both Governor Fortuño and Governor's Office Administrator Berlingeri plausible defendants under similar factual averments). Plaintiff expressly avers nonetheless that - except for providing factual support for the plausible identities of the John, Jane, Jim and Janet Does herein named as defendants; and without prejudice to future discovery showing otherwise - nothing in this Amended Complaint alleges or is meant to aver that any of the prior defendant, particularly Berlingeri as Administrator of the Governor Administrator, is an actual defendant in this case, nor to disrespect or stray from the First Circuit Mandate nor the Order of this Court of September 20, 2011.

      11.    Jim and Janet Doe are other state officials engaged in or out of the Office of the Governor, who harmed the plaintiff insofar as they were personally, intentionally or maliciously involved or participated in the decision and/or chain of events that caused the discriminatory dismissal of the plaintiff; who were involved in identifying her as a member of the Popular Democratic Party; and who were involved in replacing her with an affiliate to the New Progressive Party. In particular, these Jim and Janet Doe both exercised the

authority at law to perform this wrongdoing or acted with the intentional knowledge or malicious indifference in the discriminatory dismissal of the plaintiff in this case, as well as the other 35 dismissed PDP employees that have filed similar political discrimination actions in *Ocasio Hernández et al. v. Fortuño-Burset et al.*, USADC-PR Civil No. 09-1299 (GAG) and *Sauri Cortes v. Luis Fortuño Burset et al*, USDC-PR Civil No. 09-1650 (DRD).

12. All the Does – John, Jane, Jim and Janet – are members of the NPP.

### III STATEMENT OF THE FACTS

13. María D. Peñalbert Rosa is of legal age, resident of Puerto Rico and a citizen of the United States of America.

14. Plaintiff commenced working at the Office of the Governor in 1989 as Office Worker ("Oficinista II"), specifically on the Office Annex known as the Palacio Rojo.

15. As such, Plaintiff's principal duties were to select, cut, copy and file daily newspaper clippings; assist and collaborate in research and preparation of the newspaper clippings file and in monitoring local radio news. On or about 1994, plaintiff's position was reclassified to "Administrative Officer", but her functions remained the same. Her duties were of a routine nature that required general knowledge of clerical work, manual competence and efficient performance, not political affiliation.

16. In 2006, Plaintiff was assigned to perform as a receptionist at the Office of the Governor. Her duties in said function required of her, among other clerical tasks, to answer and channel telephone calls, receive and dispatch packages, and greet and direct visitors to the different offices within the building.

17. Defendants Does terminated plaintiff's employment, without prior warning and without cause, by a letter of February 10, 2009, making her dismissal effective on that same date. The dismissal letter is identified as coming from the "Office of the Governor, La Fortaleza" and is signed by Berlingeri, as Administrator of the Office of the Governor. At all times, Berlingeri reported to the Governor, and acted with the knowledge, consent and approval of the John, Jane, Jim and Janet Does indentified above. Although the termination letter is signed by Berlingeri, all the Does personally, intentionally or by deliberate indifference participated in the dismissal of the Plaintiff. Defendants

18. Does dismissed plaintiff Peñalbert from her job without even conducting a single evaluation as to her job performance and efficiency.

19. Defendants Does dismissed plaintiff Peñalbert for no disciplinary or job performance reasons, for plaintiff was an efficient, diligent and industrious employee who at no time has ever been disciplined for reason of her job performance.

20. Subject to the discovery allowed by the Court of Appeals in *Peñalbert Rosa v. Fortuño Bursett*, 631 F.3d 592 (1st Cir. 2011), the John, Jane, Jim and Janet Does named herein are believed to be the same persons who on or about the same time simultaneously participated in the termination for reasons of political discrimination of another 35 Executive Mansion employees ascribed to the Office of the Governor employees in the cases of *Ocasio Hernández et al. v. Fortuño-Burset et al.*, USADC-PR Civil No. 09-1299 (GAG) and *Sauri Cortes v. Luis Fortuño Burset et al*, USDC-PR Civil No. 09-1650 (DRD), as they all received termination letters from the Office of the Governor signed by Berlingeri. These

terminations were intentionally taken in order to leave open positions available for the assignment of NPP affiliates.

21. The reason that plaintiffs' job was terminated was because the defendants knew or assumed that she belonged to the outgoing Popular Democratic Party.

22. John and Jane Doe named a member of the New Progressive Party, as of yet unidentified, to perform Plaintiff's functions.

23. As a result of this termination, Defendants have deprived Plaintiff of income; have subjected her to personal pain and suffering; and have punished her in the exercise of civil rights by terminating her employment because she is not a member of the political party of the new Governor of Puerto Rico.

24. On March 12, 2009, plaintiff presented an Appeal to the Office of Human Resources of La Fortaleza. As of this date, the Appeal has not been responded, nor any action taken in her behalf.

### FIRST CAUSE OF ACTION:
### FIRST AMENDMENT AND DUE PROCESS
### OF THE UNITED STATES CONSTITUTION

25 The foregoing facts show that the defendants, individually and/or jointly, are all state officials with the authority at law that have personally, intentionally or by deliberate indifference dismissed or participated in the dismissal of the plaintiff because of her political affiliation in violation of her rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a result of the Defendants' unlawful deprivation of Plaintiff's constitutional rights, Plaintiff has suffered economic loss and pain and suffering in the

amount of approximately $1,000,000.00.

27. In addition, because the Defendants have acted with deliberate indifference and malice in the deprivation of Plaintiff's constitutional rights, Peñalbert is entitled to punitive damages in the amount of no less that $500,000.

## SECOND CAUSE OF ACTION:
## LAWS AND CONSTITUTION OF PUERTO RICO

28. Plaintiff repeats and incorporate all the allegations contained thus far as if set forth fully herein The foregoing evidence that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs' rights action under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; and the Public Service Personnel laws of Puerto Rico; Law No. 131 of May 13, 1943, P.R. Laws Ann., Tit. 1, § 13-19; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31. Muriel v. Suazo, 72 P.R.R. 348 (1951).

29. As a result of the Defendants' unconstitutional and illegal conduct, plaintiff Peñalbert has been discriminatorily terminated in his or her employment, and caused irreparable and continuing harm, emotionally, economically and in his or her civil rights, in the amount of no less than $1,000,000.00. In addition, Plaintiff prays for preliminary and permanent injunctive relief reinstating her and prohibiting Defendants from terminating her employment because of their political affiliations to the PDP.

## JURY DEMAND

30. Plaintiff prays for Trial by Jury of her Peers.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully prays that this Honorable Court:

1. Find that the defendants have violated plaintiffs' rights under the first amendment and due process clause of the United States Constitution; as well as under the laws and Constitution of Puerto Rico;

2. Grant preliminary and permanent injunction reinstating Plaintiff to her position; and enjoining the defendants from violating her Constitutional rights;

3. Award damages to Plaintiff in an amount no less than $1,000,000.00 for pain and suffering, lost back pay, and other damages suffered as a result of the defendants' unconstitutional conduct;

4. Award Plaintiff punitive damages as may be deemed appropriate;

5. Award plaintiff attorneys' fees and costs pursuant to 42 U.S.C.§1988; and

6. Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this September 23, 2011.

> **COUNSEL FOR PLAINTIFFS**
> **LANDRÓN & VERA, LLP.**
> Centro Internacional de Mercadeo, Torre I
> 100 Carr. 165, Ste 203,
> Guaynabo, PR 00968-8048
> Tel. 787-774-5959
> Tel. 787-774-8181
>
> s/:Eileen Landrón Guardiola
> **EILEEN LANDRON GUARDIOLA**
> **USDC-PR 203006**
> Email: elandton@landronvera.com

11

s/: Eduardo A. Vera Ramírez
**EDUARDO A. VERA RAMIREZ**
**USDC-PR 209713**
Email: evera@landronvera.com

s:/ Luis A. Rodríguez Muñoz
**LUIS A. RODRIGUEZ MUNOZ**
**USDC-PR 214511**
Email: lrodriguez@landronvera.com

S/: Carlos A. Del Valle Cruz
**Carlos A. Del Valle Cruz**
**USDC-PR-130604**
Email: cdelvallecruz@gmail.com

**CERTIFICATE OF ELECTRONIC FILING**

On this date, the signatories to this text certify that they have filed it with the Clerk of the Court via the CM/ECF system that will automatically relay it to all attorneys of record.